Clarence J. Henry, J.
This is an application under article 78 for an order prohibiting one Russell G-. Matthews, Justice of the Peace of the Town of Mendon, Monroe County, from conducting further proceedings in connection with a charge of speeding made against the applicant.
The moving and opposing affidavits agree that on August 14, 1961, applicant and his counsel appeared before the said Justice, as a Magistrate, and moved to dismiss the charge on the ground of claimed faulty prior adjournments said to have resulted in loss of jurisdiction. The motion was denied.
On December 15, 1961, following an appeal to the Monroe County Court which appears to have been argued but remains undecided, applicant instituted the instant proceedings by obtaining an order to show cause.
Section 1286 of the Civil Practice Act governs. That section provides in applicable part, as follows: ‘ ‘ Unless a shorter time limitation is expressly provided in the law under which the proceeding is authorized, a proceeding under this article to review a determination * * # must be instituted by service of the petition and accompanying papers * # * within four months after the determination to be reviewed becomes final and binding, upon the petitioner ”.
The date of determination herein was August 14, 1961. On that date the applicant moved against the jurisdiction of the court, and the Justice denied the move. At that point the question of jurisdiction was finally determined insofar as that court, the action pending therein and the involved parties were concerned. This seems to have been recognized by the applicant when he filed an appeal from the determination — whatever the merits of the appeal. Further seeking of relief by way of prohibition was required to be commenced within four months of the determination. Prohibition is within the four-month limitation upon determination (22 Carmody-Wait, New York Practice, p. 378), similarly to remedy by way of certoriari. Both differ from relief sought by way of mandamus, where the alleged wrongful act is a continuing one and demand and refusal to comply with a legal duty are required to start the limitation period running; and, even if such a requirement were incident to prohibition, the demand by the applicant herein for recognition of his claimed legal rights, to wit, dismissal of the charge on the ground of lost jurisdiction, and the refusal thereof by the Justice, initiated the period.
*998 There is no indication as to when the petition was served upon the respondent Justice, as required (Civ. Prac. Act, §§ 1286, 1289), but it could have been no earlier than December 15, 1961, the date of the order to show cause. The application was, therefore, untimely.
It appears, moreover, that the validity of the determination can be adequately reviewed upon appeal following conviction, should such come to pass. (Civ. Prac. Act, § 1285, subd. 4.) Application denied.